## JOSEPH A. TRANFO *v.* GENE GAVIN, COMMISSIONER OF REVENUE SERVICES
### (SC 16726)

Sullivan, C. J., and Borden, Norcott, Zarella and Mulcahy, Js.

*(Two justices concurring separately in one opinion)*

Argued September 25, 2002—officially released March 18, 2003

*Joseph A. Tranfo*, pro se, the appellant (plaintiff).

*Jonathon L. Ensign*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Edward F. Reynolds, Jr.*, assistant attorney general, for the appellee (defendant).

*Opinion*

BORDEN, J. This appeal is a companion to the appeal in *Mandell* v. *Gavin*, 262 Conn. 659, 816 A.2d 619 (2003), which we decided today. The dispositive issue in this appeal[1] is whether the controlling member of a limited liability company who transferred real property to that company as an asset contribution is subject to the real estate conveyance tax imposed by General Statutes § 12-494 (a).[2] The plaintiff, Joseph A. Tranfo, appeals

---

[1] The plaintiff appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

[2] General Statutes § 12-494 (a) provides in relevant part: "There is imposed a tax on each deed, instrument or writing, whereby any lands, tenements or other realty is granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, when the consideration for the interest or property conveyed equals or exceeds two thousand dollars . . . ."

from the judgment of dismissal of the trial court, which determined that he was not entitled to a refund of conveyance tax, interest and penalty that the defendant, Gene Gavin, the commissioner of revenue services, had assessed to the plaintiff for the transfer of certain real property to a limited liability company of which the plaintiff was the controlling member and held a 99 percent ownership interest. The plaintiff had appealed from the decision of the defendant denying the plaintiff's request for a refund of the real estate conveyance tax assessed against him pursuant to § 12-494 (a). The trial court concluded that "consideration" in § 12-494 (a) is measured by the fair market value of the property conveyed. On appeal, the plaintiff claims that: (1) § 12-494 (a) did not apply to the subject conveyance because, at the time of transfer in 1994, limited liability companies were not included within the statutory definition of "person" for purposes of the tax code; General Statutes (Rev. to 1993) § 12-1; and (2) the defendant had failed to give the plaintiff notice that the transfer would be subject to the conveyance tax based on the fair market value of the property. We need not address the plaintiff's arguments, however, because, although we agree with the plaintiff that the transfer was not subject to a conveyance tax, we arrive at that conclusion on different grounds. We therefore reverse the judgment of the trial court.

The following facts are undisputed. For some time prior to November 11, 1994, the plaintiff owned real property located at 19 Benedict Place in Greenwich. On November 11, 1994, the plaintiff conveyed the property to his limited liability company, One Tree Hill, LLC (company), of which he held a 99 percent ownership interest. In the deed of conveyance, the plaintiff recited that the transfer was for $10 consideration. The plaintiff subsequently submitted a real estate conveyance tax form to the defendant, claiming that the plaintiff owed

no tax on the transfer because he had received no consideration. The defendant, nevertheless, assessed a tax on the conveyance plus interest and penalty in the amount of $13,532.98, based on a determination that the fair market value of the property was $928,506. The defendant then notified the plaintiff of the assessment. The plaintiff paid the tax, interest and penalty under protest, and then filed a refund request for the amount paid. The defendant denied the plaintiff's request for a refund on the ground that "[t]he transaction to transfer real property to a limited liability company has been determined to be subject to the tax." The plaintiff then appealed from the defendant's decision to the trial court pursuant to General Statutes § 12-554.[3]

The trial court concluded that the transfer was subject to taxation under § 12-494 (a). The court rejected the proposition that the amount of consideration was "the actual cash transferred between seller and purchaser as recited in the conveyance of the property." *Tranfo* v. *Gavin*, Superior Court, judicial district of New Britain, Tax Session, Docket No. CV980492506S (June 21, 2001). Instead, the court concluded, the consideration received by the plaintiff was the increase in the value of the plaintiff's membership and control in the company, which properly was measured by the fair market value of the property. Accordingly, the court dismissed the plaintiff's appeal. This appeal followed.

On appeal, the plaintiff claims that the trial court improperly determined that he was subject to the real

[3] General Statutes § 12-554 provides in relevant part: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under the provisions of this chapter may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the Commissioner of Revenue Services to appear before said court. . . ."

estate conveyance tax. Specifically, the plaintiff argues that, at the time that the conveyance took place, limited liability companies were not included within the definition of "person" under General Statutes (Rev. to 1993) § 12-1 and, therefore, were not subject to the conveyance tax of § 12-494 (a).[4] In 1993, General Statutes (Rev. to 1993) § 12-1 defined " 'person' " to include "any individual, partnership, company, public or private corporation, society, association, trustee, executor, administrator or other fiduciary or custodian." In 1995, the legislature amended § 12-1 to include limited liability companies within the definition of "person." See Public Acts 1995, No. 95-79, § 22. Because § 12-494 (a) imposes a tax "on each deed, instrument or writing, whereby any lands, tenements or other realty is granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser, *or any other person*"; (emphasis added); the plaintiff argues that the conveyance tax did not apply to transfers of real estate to limited liability companies. The plaintiff also argues that he was not obligated to pay the tax because he had no notice that the defendant would view the increase in the value of the company as consideration, bringing the conveyance within the scope of § 12-494 (a).

We need not reach either of the plaintiff's arguments. Although we agree with the plaintiff that the transfer was not subject to a conveyance tax, we arrive at that conclusion on different grounds, namely, that the conveyance was not subject to taxation under § 12-494 (a) because the plaintiff received no consideration for the transfer.

This case is controlled by our decision in *Mandell* v. *Gavin*, supra, 262 Conn. 669, in which we held that the

[4] Although the defendant claims that the plaintiff raises this argument for the first time on appeal, the plaintiff, in fact, made the very same argument to the trial court in his trial memorandum.

sole owner of a limited liability company who conveyed real property to that company as an asset contribution was not subject to the real estate conveyance tax imposed by § 12-494 (a) because there was no consideration for the conveyance in the absence of a bargained for exchange. Although, in the present case, the plaintiff is not the *sole* owner of the company, the principle articulated in *Mandell* still applies so as to preclude a finding that there was consideration for the transfer. Specifically, our decision in *Mandell* rests on the principle that there is no consideration in the absence of a bargained for exchange. Id. Just as in *Mandell,* the plaintiff in the present case unilaterally transferred the subject property to his company, with no promises or exchanges made by either the plaintiff or the company. The fact that the plaintiff owns a 99 percent interest in the company rather than a 100 percent interest does not alter this principle, nor render it inapplicable to these facts. Nor does the recited nominal "consideration" of $10 mandate a different result. Therefore, the trial court's judgment to the contrary must be reversed.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment for the plaintiff.

In this opinion NORCOTT and MULCAHY, Js., concurred.

SULLIVAN, C. J., with whom ZARELLA, J., joins, concurring. I concur in this opinion for the reasons set forth in my concurring opinion in the companion case of *Mandell* v. *Gavin,* 262 Conn. 659, 816 A.2d 619 (2003).